CHADBOURNE & MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17066.   Promulgated June 10, 1929.

*Donald Horne*, Esq., for the petitioner.
*John D. Foley*, Esq., for the respondent.

962

964

**OPINION.**

Love: The petitioner divides his third assignment of error (the only one that we are here considering) into three parts:

1. That the time within which an assessment of a deficiency could be made against the partnership had expired before the Commissioner mailed the deficiency letter.

2. That the assessment is barred by the acceptance by the Commissioner of an offer in compromise with respect to penalty and interest, constituting part of the tax for 1917.

3. That petitioner is entitled to judgment of no deficiency by reason of respondent's default in answering the petition.

We will dispose of these points in reverse order. In regard to the third point we believe that the petitioner's contention here is based upon misunderstanding of the facts. The Board's record shows that the petition was filed June 10, 1926, and that the respondent's answer was filed July 19, 1926, well within the 60 days allowed for that purpose by the rules of the Board; therefore, we find no default and dismiss this contention on the part of the petitioner.

The petitioner's second point is concerned with the alleged acceptance by the Commissioner of an offer in compromise. Inasmuch as

this hearing in the first instance is confined to the consideration of the question under the statute of limitations, this allegation on the part of the petitioner will not be considered herein.

Considering the petitioner's first point, in regard to all unlimited waivers such as that here first presented and which was unquestionably executed by Chadbourne & Moore on February 24, 1921: The record shows that on April 11, 1923, the Commissioner addressed a letter to collectors of internal revenue, internal revenue agents in charge and others concerned, in which, among other things, he said that "Inasmuch as there are many waivers on file signed by the taxpayers containing no limitation as to the time in which assessments for 1917 may be made, all such unlimited waivers will be held to expire April 1, 1924." In *Wirt Franklin*, 7 B. T. A. 636, and in *Henry M. Leland et al.*, 8 B. T. A. 974, the Board held that, under the authority of that letter, all such unlimited waivers expired with the date set by the Commissioner, unless, of course, they had been lawfully extended. We do not in this case find such a lawful extension. The waiver of February 6, 1923, was executed by Chadbourne & Moore, Inc., by Joseph H. Chadbourne, treasurer, *but it was never executed by the Commissioner nor on his behalf*. Whether it would have been effective had it been so executed, we are not called upon to determine.

We attach no weight to the third waiver, executed "12/12/24" by "Chadbourne & Moore, Inc.," by its officers, even though one of them, Joseph H. Chadbourne, the treasurer, was the sole surviving partner of the firm of Chadbourne & Moore. Chadbourne did not sign in his individual capacity as such partner, but as the treasurer of Chadbourne & Moore, Inc. The act was not his but the act of the corporation, which had no binding effect upon its predecessor partnership. The explicit provision of section 278 (c) of the Revenue Act of 1924, which was in effect when this paper was signed, is that the consent in writing must be by both the Commissioner and "the taxpayer." Chadbourne & Moore, Inc., was not the taxpayer here and is not a party in these proceedings. We hold that this document was never effective for any purpose.

The fourth waiver offered in evidence by the respondent is not dated but is stamped as received December 14, 1925. It purports to be a consent by "Chadbourne & Moore, a taxpayer" and it is executed in the name of "Chadbourne & Moore, Taxpayer, By Everett B. Moore, Administrator of the Estate of Walter B. Moore, deceased," and by the Commissioner by "R."

In regard to these waivers, and particularly in regard to the last one (Respondent's Exhibit "D") Moore testified that when he executed the foregoing document on or about December 14, 1925, his

father, Walter B. Moore, had been dead since April 24, 1919, and that the then surviving partner, Joseph H. Chadbourne, died in turn on May 7, 1926. Under rigorous cross-examination he testified that on the date of the signing of the waiver, he knew that it related to the years 1917 and 1918, and he knew that the corporation was not in existence in 1917. He had no conversation or communication through others with Joseph H. Chadbourne in regard to the signing of this waiver (Exhibit " D ") and did not take up the matter with him at all. He executed the waiver by " the authority " or advice of their accountants, who told him that the waiver had to be signed and that he would have to sign it, and he did so in the only capacity in which he could sign it. At that time he believed that he was executing the waiver on behalf of the partnership of Chadbourne & Moore. Chadbourne had not at any time told him that if anything came up regarding the tax liability of the partnership Moore could take care of it while Chadbourne was sick. Moore was not clear whether he had made " any attempt " to get Chadbourne's authorization before he (Moore) executed the waiver marked Exhibit " D."

Q. Did you ever tell Mr. Chadbourne you had signed this waiver which had been marked Exhibit D?
A. I would not say about that.
Q. Do you know whether he knew you had signed it or not?
A. Not through anything I had told him personally, no.

It requires no extended reasearch on the part of the Board to determine that a " waiver " covering 1917 and 1918, executed in December, 1925, on behalf of a partnership, by the administrator of the estate of one partner who had died more than six and one-half years before that time, and so executed without consultation with or the knowledge of the partner still surviving though ill, and which administrator was in no wise authorized thereto except by "his accountants," can have no binding effect upon the partnership, and to determine that it was null and void from the beginning, and we do so find and determine.

Nothing that we have said above is to be construed here or later as an expression of opinion whether or not the last two waivers dated respectively " 12/12/24 " and as "received Dec. 14, 1925," would have been effective to revive the Commissioner's right to assess upon the partnership the tax for the year 1917, provided that such partnership waivers had been properly executed for that purpose by the surviving partner, Joseph H. Chadbourne, whose death did not occur until May 7, 1926, or by his properly constituted agent duly authorized for that purpose. But under the circumstances of this case as they are before us, we hold that the Commissioner's authority for such assessment expired with April 1, 1924, and that it was never revived.

*Judgment will be entered for the petitioner.*